## ORION GROUP OF INSURANCE COMPANIES

### v.

### Norma Jean ULSHAFER, et al.

### Civ. A. No. 87–6201.

United States District Court,
E.D. Pennsylvania.

Jan. 10, 1989.

John W. Walter, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for Orion Group of Ins. Companies.

Frederick E. Smith, Jr., Philadelphia, Pa., for Frank Sanchez and Frances Sanchez Evangeline Inc. t/a Pyrenees Restaurant.

Stephen P. Barson, Philadelphia, Pa., for Norma Jean Ulshafer and Scott Ulshafer.

Edward H. Devine, President, E.H. Devine Co., Inc.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff, Orion Group of Insurance Companies ("Orion"), brought this diversity suit under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Plaintiff seeks a declaration that its insurance policy with defendants Frank and Frances Sanchez ("Sanchez") and Evangeline, Inc. t/a/ Pyrenees Restaurant ("Evangeline") was cancelled at the time defendant Norma Jean Ulshafer sustained injuries on property owned by Sanchez and occupied by Evangeline. Ms. Ulshafer filed suit against San-

chez in the Philadelphia County Court of Common Pleas in November, 1986; Sanchez subsequently called upon plaintiff to defend that action. E.H. Devine ("Devine"), insurance broker for Sanchez, is also named as a defendant in this action.

Two motions are pending before the court. Plaintiff seeks summary judgment against all defendants, contending that no genuine issue of fact remains regarding its purported cancellation of the Sanchez policy prior to the accident involving Ms. Ulshafer. Sanchez seeks summary judgment in its cross claim against Devine for indemnity and contribution in the event that plaintiff's motion is granted.

### Background

Sanchez purchased commercial insurance (policy no. BRC231676) for the Pyrenees Restaurant from Orion on October 4, 1984, with effective dates of coverage of October 4, 1984 through October 4, 1985. Devine acted as insurance broker for Sanchez. Soon after Orion issued the policy, Orion began to solicit from Devine information concerning Sanchez's financial condition. Orion contends that such information was necessary to determine whether the risk met their underwriting standards. Plaintiff's Motion for Summary Judgment at 4. Orion sent its initial inquiry on October 31, 1984. Unsatisfied with Devine's reply, Orion again wrote to Devine on January 28, 1985, stating, among other things, that the financial information provided to Orion was "insufficient for our purposes." Orion also stated that the Sanchez risk "does not meet our underwriting standards" and requested that "our coverage be terminated and replaced as quickly as possible." The letter concluded: "If we do not hear from you by March 10, in regards to replacing our coverage, we regret to have no alternative but to issue Direct Notice of Cancellation."

After Devine requested an extension of time to find replacement coverage, Orion agreed to extend coverage until April 25, 1985. *See* Orion Letter to E.H. Devine, March 6, 1985 (Attached as Exhibit "N" of Plaintiff Motion for Summary Judgment). Orion agreed to another extension of cover-

age through May 15, 1985. *See* Orion Letter to E.H. Devine, May 3, 1985 (Attached as Exhibit "O" to Plaintiff Motion for Summary Judgment). On May 20, 1985, Orion sent a Notice of Cancellation to Sanchez, cancelling the policy as of June 24, 1985. On July 17, 1985, Ms. Ulshafer allegedly sustained injuries on the premises of the Pyrenees Restaurant.

### Discussion

Under the insurance agreement between Orion and Sanchez, Orion was permitted to cancel the policy for reasons other than nonpayment if it informed the insured of the cancellation within thirty days of the proposed date of cancellation. The agreement provides as follows:

2. CANCELLATION

The named insured may cancel this policy by mailing to the Company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the Company for reasons of other [sic] than nonpayment of premium by mailing to the named insured and mortgagee at the mailing address shown in the Declarations, written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. The mailing or delivery of notice as aforesaid shall be sufficient proof of notice.

Insurance agreement between Frank Sanchez, Evangeline Inc. T/A Pyrenees, and Orion, at 15 (Attached as Exhibit "H" of Plaintiff Motion for Summary Judgment, at 18).

In its Motion for Summary Judgment, plaintiff contends that its communications to Devine concerning its plan to cancel the Sanchez policy should be viewed as communications to Sanchez, because Devine was the "agent" of Sanchez rather than plaintiff. On this basis, plaintiff asserts that Sanchez had constructive notice of Orion's decision to cancel coverage as early as January, 1985. In any case, plaintiff contends that Sanchez had actual notice of the cancellation as of May 24, 1985, when Sanchez received the notice of cancellation. *See* Deposition of Frank Sanchez, at 37–40 (At-

tached as Exhibit "E" to Plaintiff Motion for Summary Judgment).

■ Only one of the defendants, Sanchez, has responded to plaintiff's Motion for Summary Judgment. The Sanchez Memorandum in Opposition to Plaintiff's Summary Judgment Motion provides, in its entirety:

> The Orion Group should not be permitted to cancel the policy issued to Frank Sanchez and Frances Sanchez, h/w, Evangeline, Inc. t/a Pyrenees Restaurant. At no time did Orion ever communicate to its insureds the need for any financial information, nor of the alleged fire risk or any other risk. At no time did Orion communicate to its insured the danger of threat to coverage. The premises were in no different condition when the policy was cancelled then they were when the policy was originally issued. The attempt by Orion to cancel the policy was arbitrary and capricious and should not be permitted.

Sanchez's contention that Orion did not communicate to Sanchez its intention to cancel coverage is unavailing in light of his deposition testimony that he received Orion's notice of cancellation by May 24, 1985.[1]

■ On this basis, it seems clear that plaintiff has met its burden of demonstrating that there remains no issue of genuine fact regarding plaintiff's claim that it had, in accordance with the insurance agreement, cancelled the Sanchez policy prior to Ms. Ulshafer's accident in July, 1985. Sanchez's claim that Orion's attempt to cancel the policy "was arbitrary and capricious and should not be permitted" offers no legal ground for refusing to give effect to the cancellation clause of the insurance contract. Accordingly, plaintiff's motion for summary judgment will be granted, and this court will declare that policy no. BRC231676 was cancelled prior to Ms. Ulshafer's accident at the Pyrenees Restaurant.

■ Because the claim between Orion and the defendants has been resolved prior to trial, I will no longer retain jurisdiction over the cross claim between Sanchez and Devine. This state law claim between non-diverse parties was properly before the court as part of its ancillary jurisdiction during the pendency of the action between Orion and the defendants. In light of the resolution of Orion's claim, I see no benefit in terms of judicial economy that would warrant federal adjudication of Sanchez's state-law indemnification claim against De-

---

1. Q. Later in time, in or about May 21 or thereafter of 1985, I have reason to believe that you received in the mail what's been marked as Church 12, which I'm now handing you. Take a moment to look at that.
A. (At this time the witness reviewed the document.)
Q. Have you looked at that, sir?
A. Yes, sir.
Q. Do you recognize it?
A. Yes, sir.
Q. Did you, in fact, receive that document at or around May 1, 19—May 21, 1985, and I direct your particular attention to—
A. Yes, sir.
Q. The date of mailing up there at the top right. Do you see that?
A. Yes, sir.
Q. And you do recall receiving that?
A. Yes, I do.
Q. And when you looked it over, in fact, did you open the envelope that had it in it?
A. Yes, I did.
Q. Did you understand what it says?
A. I understood it to be a cancellation of my insurance.

Q. What is Church 17?
A. This was the envelope that my cancellation came in.
Q. There are words that appear there in handwriting.
A. Yes, sir.
Q. Who wrote that?
A. That's my writing.

Q. What do those words say?
A. I called Hank Church 5–24–85. Will get back to us by June 10th.

Q. Is that the day [5–24–85] that you called Hank Church?
A. Yes, sir.
Q. That's also the date you made the note on the envelope?
A. Yes, sir.
Deposition of Frank Sanchez, at 37–39 (Attached as Exhibit "E" to Plaintiff's Motion for Summary Judgment).

vine.  *See American National Bank & Trust Company v. Bailey,* 750 F.2d 577, 581 (7th Cir.1984) ("The question whether to retain [ancillary] jurisdiction over a claim purely of state law involves a trade-off between convenience to the parties and state autonomy, and the balance favors the latter interest when the main claim falls out of the case before trial."), *cert. denied,* 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985).  Accordingly, Sanchez's cross-claim will be dismissed without prejudice and Sanchez's Motion for Summary Judgment will be denied as moot.